UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| WILLIAM CASH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV 305-063 |
| RALPH M. KEMP, et al, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Petitioner Cash, a state prisoner confined at Wheeler Correctional Facility, filed the instant Section 1983 petition. Petitioner alleges that prison employees lost some of his personal property and deprived him of visitation and phone rights for a temporary period following his transfer from another prison. For the following reasons, this Court concurs with the Magistrate Judge's Report and Recommendation and **DISMISSES** this case for failure to state a claim upon which relief may be granted.

Petitioner Cash has filed both an objection to the Report and Recommendation and an amended complaint. However, neither Cash's objection or amended complaint correct the essential defect of his claim.[1] Cash cites a Georgia Court of Appeals case, Hight v. Burden, 350

---

[1] Leave to amend cannot be granted when the purported amendment would be futile. Hall v. United Insurance Co. Of America, 367 F. 3d 1255, 1262-63 (11th Cir. 2004). Petitioner's amended complaint does not correct the essential defect that he has an available remedy in state court through a tort action. This Court concurs with the Magistrate Judge's recommendation that Petitioner's temporary and inadvertent deprivation of phone and visitation privileges does not implicate a constitutional right to be remedied through a Section 1983 petition.

S.E.2d 471, 472-3 (Ga.App.,1986), for the proposition that a Section 1983 claim is an appropriate means to challenge his loss of personal property by prison employees. However, the Eleventh Circuit and recent Georgia cases have since held that a Section 1983 claim is improper to challenge a negligent loss of property when Georgia state law provides for an adequate post deprivation remedy. Byrd v. Stewart, 803 F.2d 1168, 1169-70 (11th Cir. 1986); Grant v. Newsome, 411 S.E.2d 796, 799 (Ga.App.,1991). Cash has an adequate remedy under Georgia law because he may bring a tort claim in Georgia state courts for the loss of his property against prison employees under O.C.G.A. § 51-10-1 (2005). Id. (stating "the owner of personalty is entitled to its possession. Any deprivation of such possession is a tort for which an action lies").

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Section 1983 petition is **DISMISSED** for failure to state a claim upon which relief may be granted. Petitioner Cash may seek a remedy in Georgia state courts by bringing a tort claim against prison employees for his lost property.

**SO ORDERED.**

_____
JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Date: March 13, 2006